FILED
SUPERIOR COURT
OF GUAM

2020 OCT 27 PM 5: 20

CLERK OF COURT
By:

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM, | CRIMINAL CASE NO. CF0343-20 |
| Plaintiff, | |
| vs. | DECISION AND ORDER RE. PEOPLE'S MOTION TO DISMISS WITHOUT PREJUDICE |
| ANTHONY GREGORY MENDIOLA, (aka "Ton Mendiola") | |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Maria T. Cenzon on July 29, 2020, on the People's Motion to Dismiss Without Prejudice Charge 1: Murder (the "Motion to Dismiss"). Defendant Anthony Gregory Mendiola ("Defendant") was present and represented by Joseph T. McDonald, Esq., and the People of Guam were represented by Assistant Attorney General Sean Brown. All parties appeared remotely via Zoom platform pursuant to Supreme Court of Guam Administrative Order No. ADM2020-265.[1] Also present remotely were Defendant's Third Party Custodians and the Victim Services Center Advocate from the Office of the Attorney General. The court considered the pleadings on the record and the parties' oral argument during the hearing and granted the People's Motion to Dismiss. However, the court reserved on the question of whether the charge would be dismissed with or without prejudice and took that

---

[1] The Court inquired whether any parties objected to proceeding remotely on the Zoom platform and the parties expressed no objection to proceeding as authorized.

*Decision and Order Re. People's Motion to Dismiss Without Prejudice*
*People of Guam v. Anthony Gregory Mendiola, Criminal Case No. CF0343-20*
Page 1 of 11

issue under advisement pursuant to CVR 7.1 of the Local Rules of the Superior Court of Guam. Having duly considered the parties' briefs and the applicable law, the Court now issues the following Decision and Order and dismisses *without prejudice* Charge 1: Murder, together with the attendant Special Allegation. Charges 2 and 3 are undisturbed following this Decision and Order.

## BACKGROUND

It is uncontroverted that, on or about June 23, 2020, Anthony Gregory Mendiola ("Defendant") shot Joey Zamora ("Zamora") while Zamora was inside Mendiola's residence, and Zamora died. *Decl. to Magistrate's Complaint* (June 25, 2020). As a result of this incident, Mendiola was charged with Murder (As a 1st Degree Felony) with a Special Allegation: Possession and Use of a Deadly Weapon in the Commission of a Felony; Possession of a Firearm Without a Valid Firearms Identification Card (As a 3rd Degree Felony); and Possession of an Unregistered Firearm (As a 3rd Degree Felony). On July 7, 2020, the People of Guam ("People") filed a Motion to Dismiss Without Prejudice Charge 1: Murder ("Motion"). The People's Motion was made pursuant to 8 GCA §§ 80.70 and 10.50 and was based upon "a significant change in the understanding of the existing evidence since the day the case was charged and brought before the Magistrate Judge." *People's Mot. to Dismiss* at 1 (July 7, 2020).

The People disclosed that it had received information that was not previously known to it upon the charging of the Defendant, specifically: 1) Defendant was inside his home when the Victim entered the house, 2) Witnesses overheard the Victim appearing angry and yelling profanities outside of Defendant's residence as he made attempts to enter the residence and then subsequently entered the residence, and 3) the Victim was shot from the front, rather than from behind as set forth in the Magistrate's Complaint. *Id.* at 2. The People confirm in its moving

*Decision and Order Re. People's Motion to Dismiss Without Prejudice*
*People of Guam v. Anthony Gregory Mendiola,* Criminal Case No. CF0343-20
Page 2 of 11

papers that "the facts as applied to Charge 1 [Murder] do engage the Castle Doctrine. The People of Guam note that the Castle Doctrine is a bar to prosecution and as a result Charge 1 is barred." Id. (citing 9 G.C.A. §§ 7.112 and 7.113)(emphasis added). The "Castle Doctrine" provisions are found in Title 9, Guam Code Annotated, Article 5.

On July 13, 2020, Defendant filed his Response to the Motion, seeking dismissal with prejudice on several grounds, including immunity provided under the Castle Doctrine. The People failed to file a written Reply, but objected to dismissal with prejudice during the oral argument on the Motion.

## DISCUSSION

Although the People's Motion to Dismiss is facially appropriately grounded upon 8 G.C.A. § 80.70 and §10.50, the court's focus in this particular case is on the application of the Castle Doctrine (Title 9, Guam Code Annotated, Article 5) to the offense sought to be dismissed. The Guam Supreme Court has recognized the legislative intent of the Castle Doctrine, as codified in the statute, is to provide a cognizable defense to "law-abiding people to protect themselves, their families, and others from intruders and attackers without fear of prosecution or civil action from acting in defense of themselves and others. ... Therefore, it is the intent of *I Liheslatura* that no person or victim of crime should be required to surrender his or her personal safety to a criminal, nor should a person or victim be required to needlessly retreat in the face of intrusion or attack." *People of Guam v. Xo Isi John*, 2016 Guam 21, ¶ 56 (Guam 2016)(quoting 9 G.C.A. §7.111 (added by P.L. 32-111 (Feb. 10, 2014)).

In furtherance of this declared intent, 9 G.C.A. §7.112 provides, in relevant part, as follows:

(a)     A person is presumed to have held **a reasonable fear of imminent peril of death or serious bodily injury** to himself or herself or another when using

*Decision and Order Re. People's Motion to Dismiss Without Prejudice*
*People of Guam v. Anthony Gregory Mendiola,* Criminal Case No. CF0343-20
Page 3 of 11

defensive force that is intended or likely to cause death or serious bodily injury to another if:

> (1) the person against whom the defensive force was used was in the process of unlawfully and forcefully entering, or had unlawfully or forcefully entered, a business, residence, or occupied vehicle, or if that person had removed or was attempting to remove another against that person's will from the business, residence, or occupied vehicle; and

> (2) the person who uses defensive force knew or had reason to believe that an unlawful and forcible entry or unlawful and forcible act was occurring or had occurred.

Id. § 7.112(a) (added by Pub. L. 32-111 (Feb. 10, 2014)) (emphases added).

Moreover, when a person unlawfully and by force enters or attempts to enter a person's residence, then that person "is presumed to be doing so with the intent to commit an unlawful act involving force or violence." See Id. § 7.112(c) (added by Pub. L. 32-111 (Feb. 10, 2014)). Armed with this presumption then, a person who uses defensive force as permitted under Section 7.112 is immune from prosecution pursuant to Section 7.113(b) ("A person who uses force as permitted in § 7.112 is justified in using such force and is immune from criminal prosecution and civil action for the use of such force....").

The presumption of Section 7.112(a) does not apply, however, if the person against whom the defensive force is used has the right to be in or is a lawful resident of the residence, and there is *not* an injunction for protection from domestic violence or a written pretrial supervision order of no contact against that person.[2] Additionally, the immunity against prosecution contained in Section 7.113 is restricted by circumstances enumerated in Sections 7.113(b)(1)-(3), none of which are invoked by the facts currently known to the People and to the Defense.

---

[2] Other exceptions to this presumption are included in 9 G.C.A. §7.112(b)(2) and (3); however, they are not applicable based upon the facts alleged in this case.

*Decision and Order Re. People's Motion to Dismiss Without Prejudice*
*People of Guam v. Anthony Gregory Mendiola,* Criminal Case No. CF0343-20
Page 4 of 11

However, notwithstanding the People's written declaration that the Murder charge is "barred," at the hearing on the Motion, the People expressed concern against a dismissal *with prejudice* of the Murder charge, stating that the case is "not over," and that there is a chance, however slight, that during the course of further investigation, new evidence may surface which nullifies the presumption that Zamora's attempts to enter the residence were with the intent to commit an unlawful act involving force or violence. *Minutes of Hearing on Mot. To Dismiss* at 11:19:53 – 11:20:42 (July 29, 2020). Not necessarily contradictory yet seeking an opposite conclusion is the Defense's urging that the People must exercise more careful and deliberate investigation rather than racing to charge Mendiola with Murder, and further, that a dismissal with prejudice would "send a strong message that when bringing charges, the People must pay more careful attention to fact gathering prior to making a decision to charge." Def.'s Resp. to People's Mot. to Dismiss at 4 (citing *United States v. Taylor,* 487 U.S. 326, 342 (1988)("It is self-evident that dismissal with prejudice always sends a stronger message than dismissal without prejudice, and is more likely to induce salutary changes in procedures....").

The issue of immunity from prosecution based upon the Castle Doctrine defense has not been addressed by the Guam Supreme Court,[3] however, of particular note is the Decision and Order issued in *People v. Duenas,* Criminal Case No. CM0532-16 (Dec. 9, 2016)(Barcinas, J.), which the court finds helpful. In *Duenas,* the defendant was charged with Family Violence when he assaulted his girlfriend by slapping her with an open palm. The Defendant claimed he was justified in using this force under the Castle Doctrine because he was protecting his home and his family member when "he had been surprised at his residence at 4 am by the victim, who

---

[3] *People v. John, supra,* involved the issue of the trial court's decision to exclude jury instructions addressing the affirmative defense of Castle Doctrine and, therefore, is not controlling in this particular instance. This case involves a pre-trial request to apply the immunity provisions of the Castle Doctrine statute, thereby barring prosecution forever.

*Decision and Order Re. People's Motion to Dismiss Without Prejudice*
*People of Guam v. Anthony Gregory Mendiola,* Criminal Case No. CF0343-20
Page 5 of 11

did not live at the residence and had apparently broken in. She allegedly harassed Defendant and his mother, leading Defendant to slap her in an attempt to stop her harassment." *Decision and Order* at p. 1. The Defendant filed a Motion to Dismiss With Prejudice and Expunge, which the People opposed by contradicting the Defendant's claim that the victim was not in the home legally. The court ultimately denied the motion based on a lack of evidence provided during the hearing supporting Defendant's motion, and this court finds the discussion on the law to be instructive.

Guam's Castle Doctrine statute appears to mimic its companion provisions from South Carolina, and both statutes provide a guarantee against prosecution for crimes to which the affirmative defense applies.[4] In *Duenas,* the trial court ruled that the question of whether immunity under Section 7.113 bars prosecution in a particular case requires a court to conduct "a pre-trial hearing on the question of immunity wherein a defendant bears the burden of proving the elements of the castle doctrine by a preponderance of the evidence." *Id.* (citations omitted). While *Duenas* is distinguishable on its facts from the instant matter,[5] the court finds that, absent Guam Supreme Court controlling the court's decision here, case authority from South Carolina is persuasive.

The case of *State v. Jones,* 416 S.C. 283, 786 S.E.2d 132 (2016), provides this court with some guidance with regard to addressing the People's Motion to Dismiss Without Prejudice and the Defense's request to dismiss *with* prejudice on the basis of immunity under Section 7.113. The defendant in *Jones* was charged with murder after she stabbed her boyfriend in the chest in

---

[4] *Decision and Order* at 3 (fn. 1).
[5] For example, the seriousness of the offense in *Duenas* does not rise to the level of Murder as in this case, and in that instance, the victim refused to cooperate further with the prosecution. *See,* People's Motion for Dismissal Without Prejudice (Feb. 28, 2017)(victim informed the People she will not cooperate in the prosecution of the case). The trial court ultimately dismissed and expunged the matter against Defendant Duenas. *Order of Dismissal with Prejudice,* Criminal Case CM0532-16 (Feb. 28, 2017).

*Decision and Order Re. People's Motion to Dismiss Without Prejudice*
*People of Guam v. Anthony Gregory Mendiola,* Criminal Case No. CF0343-20
Page 6 of 11

the couple's home while she was fleeing the apartment for her safety.[6] She asserted immunity from prosecution under South Carolina's Castle Doctrine laws, which is virtually identical to Guam's statute with the exception of some provisions which do not apply to the facts here. Applying the preponderance of the evidence standard, the trial court found that Jones was entitled to immunity under the circumstances. The State appealed the ruling on several grounds, including that the evidence in the record did not support the judge's determination that the defendant "believed she was in imminent danger of losing her life or sustaining bodily injury and that such fear was reasonable." *Jones*, 786 S.E.2d 132, 136.

On appeal, the South Carolina Supreme Court affirmed the decision of the lower court granting immunity after scrutinizing the analysis applied by the trial court, finding as follows:

> Consistent with the Castle Doctrine and the text of the Act, a valid case of self-defense must exist, and the trial court must necessarily consider the elements of self-defense in determining a defendant's entitlement to the Act's immunity. (Citation omitted). Therefore, the defendant must demonstrate the elements of self-defense, save the duty to retreat, by a preponderance of the evidence. ...

> In order to establish a case of self-defense, the defendant must demonstrate the following elements:

> > First, the defendant must be without fault in bringing on the difficulty. Second, the defendant must have actually believed he was in imminent danger of losing his life or sustaining serious bodily injury, or he actually was in such imminent danger. Third, if his defense is based upon his belief of imminent danger, a reasonably prudent man of ordinary firmness and courage would have entertained the same belief. If the defendant actually was in imminent danger, the circumstances were such as would warrant a man of ordinary prudence, firmness and courage to strike the fatal blow in order to save himself from serious bodily harm or losing his own life. Fourth, the defendant had no other probable means of avoiding the danger of losing his own life or sustaining serious bodily injury than to act as he did in this particular instance.

---

[6] The facts of the case establish that Jones was being physically assaulted by the victim prior to the stabbing incident and that she had phoned a friend to pick her up from the home when the stabbing occurred.

*Decision and Order Re. People's Motion to Dismiss Without Prejudice*
*People of Guam v. Anthony Gregory Mendiola*, Criminal Case No. CF0343-20
Page 7 of 11

*Jones* at p. 141-142 (citing *State v. Curry*, 406 S.C. 364, 371 n. 4, 752 S.E.2d 263, 266 n. 4 (quoting State v. Davis, 282 S.C. 45, 46, 317 S.E.2d 452, 453 (1984)). Except for the retreat requirement under the self-defense statute (which is not applicable under the Castle Doctrine), the South Carolina Supreme Court found that the evidence in the record supported the trial judge's findings as to each element of self-defense; therefore, immunity applied.

In the instant case, the Defense did not meet its burden of establishing, by a preponderance of the evidence, that the Defendant is entitled to immunity under the Castle Doctrine statute. During the hearing of the motion, Defendant did not proffer any testimony to support its request for immunity such that the Murder charge should be dismissed *with prejudice* because the defendant "held a reasonable fear of imminent peril of death or serious bodily injury to himself...or another when using defensive force" which resulted in Zamora's death. Only conclusory legal arguments buttressed by an otherwise unsubstantiated narrative of the events as they purportedly transpired, according to the defendant, were presented to the court.

More specifically, in response to the Court's inquiry about whether Mr. Mendiola and the victim Mr. Zamora had a previous relationship which might have invalidated the presumption that Zamora was there for an illegal purpose and whether the victim's entry into the home was "forcible," thus supporting the presumption in Section 7.112, defense counsel proffered the following:

> **MR. McDONALD**: First of all, you asked about the presumption and whether he had the lawful right to be there. ...Mr. Zamora had been uninvited from the residence for several months. And in fact my client had filed a police complaint to have him removed as early as, I believe it was September or August of 2019. So there's...already you can see that he had been uninvited and that my client had taken the next steps which is to take some sort of law enforcement action to forcibly remove him from the premises. Well, lucky enough the victim had gone by the time the police had shown up. So, this invitation was not just limited to my

*Decision and Order Re. People's Motion to Dismiss Without Prejudice*
*People of Guam v. Anthony Gregory Mendiola*, Criminal Case No. CF0343-20
Page 8 of 11

client, there was also…it was also extended to other members of the Mendiola family who had insisted that the victim not be at that residence. And you know, your honor, I don't want to besmirch the victim at this point in time, but let's just say that there would be reasons for them to disinvite the victim from the premises.[7]

However, Defense Counsel did not proffer any additional evidence to support any claim which may have justified a belief that he was "in reasonable fear of imminent peril or death or serious bodily injury to himself or…another when using defensive force" as required under Section 7.112. Instead, he described the "forceful entry" by Mr. Zamora as follows:

**MR. McDONALD:** Now, as for the forceful entry and whether or not my client had knowledge that a forceful entry was happening, those are clear on the facts and we're prepared to show with any level of proof that, in fact, the victim had made an entry that was noisy, not from the doorsteps of the residence, but down the road 'cause there's a driveway to the residence where he could be overheard, I believe, even by other witnesses. That he was,…that the victim was coming down and announcing a noisy announcement of his presence, after which he entered into a heated discussion with my client and tried to enter the residence through a door! And my client was saying, "No! Don't come in! Don't come in!" So he already attempted…we already see in that first attempt that there was both parts of that presumption present: that there was knowledge on behalf of my client and that there was an attempt at an unlawful break-in by the victim. Unfortunately for the victim, it was accomplished on the second attempt where he did gain entrance to the residence through an unlocked door and that's where we have now…uh.. the current matter in front of your honor. So both instances are there and, in fact, he did not have any lawful presence at the premises.

**COURT:** Thank you, Mr. McDonald, I just want to confirm as well, again, because the Court does not have the benefit of any of the evidence or any of the discovery materials that both the People and Defense do have. I do want to just make sure, because I think it is relevant to determining whether or not the court dismisses the matter with or without prejudice – that being really the sole reason why I'm having this very extensive discussion on this matter. And so, I just want to make sure I understand that your position, Mr. McDonald, is that the presumption [of 7.112] continued to apply in this particular case to allow Mr. Mendiola the benefit of the Castle Doctrine and was not removed by virtue of, for example, an apparent or implied previous invitation to be a resident of the home, or that there was no injunction that was in place. So, he absolutely had no right to be in the home; you indicated that he was "uninvited" for some months now; and that the evidence would be sufficient to support the presumptions that Mr.

---

[7] *Motion Hearing* at 11:37:35 (July 29, 2020).

*Decision and Order Re. People's Motion to Dismiss Without Prejudice*
*People of Guam v. Anthony Gregory Mendiola, Criminal Case No. CF0343-20*
Page 9 of 11

Mendiola was in fear of death or serious bodily injury. And so, you're asking this court to dismiss this matter with prejudice...or at least the murder charge...with prejudice. Is that correct?

**McDONALD**: Yes, your honor. Thank you.

*Motion Hearing* at 11:38:48 - 11: 42:04 (July 29, 2020).

However, in response the People offered that Zamora was actually staying at the residence some weeks and perhaps even days prior to the shooting resulting in his death. The People also stated that Mr. Zamora was sleeping in the driveway and had clothes in the home.[8] These facts, if taken to be true, raises a significant question for the court as to whether, under the circumstances, Mr. Mendiola's actions were justified such that immunity should be granted at this pre-trial stage and without competent evidence having been presented to the court. The defense not having offered any evidence to establish, by a preponderance of the evidence, that his actions were justified such that immunity under the Castle Doctine statute is available to him to bar future prosecution if new evidence shall support such prosecution, and given that there remains a specter of validity to Zamora's presence of the home in light of the government's rebuttal, and finally, this court finding that only a noisy announcement of his arrival and unauthorized entry into the home were offered to support the "imminent peril" requirement of Section 7.112, the court finds that the defense has not satisfied its burden that he is entitled to a dismissal with prejudice at this time. As the *Jones* case illustrates, immunity is available to a defendant under the Castle Doctrine; however, the evidence in support of such claims to bar prosecution at the pre-trial stage must satisfy the "preponderance of the evidence" standard. Because it did not rise to that level here, the court dismisses the Murder charge and Special Allegation without prejudice.

---

[8] *Id.* at 11:42:13 – 11:42:54.

*Decision and Order Re. People's Motion to Dismiss Without Prejudice*
*People of Guam v. Anthony Gregory Mendiola,* Criminal Case No. CF0343-20
Page 10 of 11

## CONCLUSION

For the reasons set forth herein,[9] the Court dismisses *without prejudice* Charge 1: Murder and the Special Allegation: Possession and Use of a Deadly Weapon in the Commision of a Felony and denies Defendant's request to dismiss this charge and attendant special allegation with prejudice. Charges 2 and 3 remain undisturbed.

**SO ORDERED** this _____ OCT 27 2020 _____.

**HONORABLE MARIA T. CENZON**
**Judge, Superior Court of Guam**

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
AG Prosecution,
J. McDonald

Date: 10/27/20 Time: 5:23 pm

Antonio Cruz
Deputy Clerk, Superior Court of Guam

---

[9] In addition to the arguments addressed herein, Defendant urges the court to apply an analysis of Speedy Trial Act factors set forth in People of Guam v. Aromin, 2014 Guam 3 to dismiss the charge with prejudice; however, this particular basis for dismissal is not properly before the court. Even if the court were to consider the application of the factors in Aromin, the Defendant has failed to establish how those factors apply to the facts of this case sufficient to allow the court to properly address them as this portion of his Response merely lists the factors but fails to apply them to the facts of this case. Consequently, they are not considered by the court in ruling on defendant's request for a dismissal with prejudice. Finally, citing to United States v. Taylor, 487 U.S. 326, 342 (1988), the Defense urges dismissal with prejudice in order to "send a strong message that when bringing charges, the People must pay more careful attention to fact gathering prior to making a decision to charge." Response at p. 4. However, such reliance is misplaced in this context. The Court in *Taylor* also reasoned that "[t]he [lower] court's desire to send a strong message to the Government that unexcused delays will not be tolerated is by definition implied in almost every case under the [Speedy Trial] Act, and standing along, does not suffice to justify barring reprosecution in light of all the other circumstances." Taylor at 343.

*Decision and Order Re. People's Motion to Dismiss Without Prejudice*
*People of Guam v. Anthony Gregory Mendiola,* Criminal Case No. CF0343-20
Page 11 of 11